IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEYANIRA ALVAREZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 12-cv-0159 |
| | ) | |
| v. | ) | Hon. Arlander Keys |
| | ) | |
| ROLF'S PATISSERIE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**Joint Motion for Preliminary Approval of Class Settlement**

Now come plaintiffs, Deyanira Alvarez and Karen Leyva ("Plaintiffs"), and defendants Rolf's Patisserie, Inc., ("Rolf's") Lloyd Culbertson and Ford Culbertson (together, the "Culbertsons"), by their respective counsel, and pursuant to Federal Rule of Civil Procedure 23(e), present the following motion (the "Motion") requesting that this Court (i) preliminarily approve the proposed class settlement, (ii) certify the proposed class for settlement purposes and (iii) approve the proposed form of class notice. In support of the Motion, the parties state as follows:

**A.**     **Procedural History**

    1.     On January 10, 2012, Plaintiffs filed a complaint alleging that the defendant violated the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101-2109, by failing to provide 60-days' notice to its employees in advance of a plant shutdown. Plaintiffs also sued the Culbertsons alleging violations of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (the "Wage Act Claim"). *See* Docket No. 1, Complaint.

2. On February 22, 2012, Plaintiffs voluntarily dismissed their Wage Act Claim. Docket Nos. 11-12. Rolf's subsequently answered the complaint and raised numerous affirmative defenses. Docket Nos. 16 and 18. Rolf's has at all times denied all material allegations to Plaintiffs or the class for any liability under the WARN Act.

3. Plaintiffs subsequently suggested that the Culbertsons may be individually liable for Rolf's alleged violations of the WARN Act.

**B.    The Proposed Settlement**

4. After engaging in substantial discovery and exchanging written letters detailing their positions on the strengths and weaknesses of Plaintiffs' case and Rolf's defenses, on February 11, 2013, the parties held a settlement conference, administered by Magistrate Judge Keys.

5. The parties reached an agreement at that settlement conference to fully resolve all disputes in this litigation on a class-wide basis and recited the material terms of that agreement into the record (the "Class Settlement"). Under the Class Settlement, the class is defined as: "All persons who were employees of Rolf's Patisserie, Inc. (a) from October 24, 2010 through and including December 23, 2010 or (b) from October 11, 2011 through and including December 10, 2011" (the "Proposed Class").

6. The material terms of the Class Settlement are:

   (a) Rolf's has agreed to pay a total of $200,000 to resolve this civil action and in exchange for the releases described below, inclusive of all attorney's fees, costs and costs related to the administration of the Class Settlement (the "Settlement Fund");

   (b) Plaintiffs and the Proposed Class will grant general releases to Rolf's, the Culbertsons, their affiliates, the Culbertsons' familial relations and other related persons and entities as formally set forth in the settlement agreement from all claims of any kind, known and unknown, as would be

       barred by issue or claim preclusion (i.e., collateral estoppel or *res judicata*) upon a final judgment in this action;

(c)     Rolf's has the option, but not the obligation, to cancel the Class Settlement if members of the Proposed Class holding claims equal to or exceeding $20,000.00 opt-out;

(d)     The members of the Proposed Class must refrain from making to anyone, directly or indirectly, any oral or written comments that could reasonably be considered to be derogatory or disparaging of, concerning, or about the Culbertsons or their reputations, actions or omissions, as related to the allegations of this lawsuit; and

(e)     Counsel for Plaintiffs and the Proposed Class will assume primary responsibility for administration of the settlement.

7.     The parties are jointly drafting the settlement agreement memorializing the terms of the Class Settlement, a copy of which will be presented to the Court in advance of the final fairness hearing.

**C.     Allocation Plan**

8.     Plaintiffs, by their counsel, have prepared a plan to distribute the Settlement Fund across: damages to each member of the Proposed Class, attorney's fees, litigation costs, settlement administration costs and modest incentive awards to the named plaintiffs (the "Allocation Plan"). The Allocation Plan is attached as Exhibit A.

9.     Under the Allocation Plan, the $200,000 in the Settlement Fund will be distributed as follows:

(a)     $50,000 as attorney's fees. This is supported by Group Exhibit B, showing the actual hours worked by plaintiffs' counsel (Exhibit B-1) as well as affidavits supporting particular rates for each attorney (Exhibits B2-4).

(b)     $6500 in administrative costs including mailing the class notice, mailing checks, maintaining the Settlement Fund and ensuring that class members receive the money they are due in accord with the procedures set forth in the Class Settlement.

      (c)    $130,700 distributed on a weighted basis (proportional to hours worked by each employee) among class members affected by the 2011 closing who were not seasonal employees.

      (d)    $2600 distributed on a pro-rata basis ($100 per person) for all class members who were "seasonal employees" at the time of the 2011 closing of defendant. The legal claims of these workers involve significantly greater risk than for the other persons who lost employment as a result of the 2011 closings, and their proportional recovery has been weighed accordingly. *See* 20 C.F.R. § 639.5(c) (employer not required to provide WARN notice to seasonal employees).

      (e)    $9200 distributed on a pro-rata basis ($100 per person) for all class members affected by the 2010 closing who were not affected by the 2011 closing. Because of the short duration of the closing in 2010, the legal claims of these workers involve significantly greater risk than for the other persons who lost employment as a result of the 2011 closings, and their proportional recovery has been weighed accordingly.

      (f)    $1,000 divided evenly between named plaintiffs Deyanira Alvarez and Karen Leyva as incentive awards.

**D.    Class Notice**

10.    Attached as Exhibit C is the proposed form of notice regarding the Class Settlement to the members of the Proposed Class (the "Class Notice"). The parties propose that the Class Notice will be sent by first class post to the last known address of all members of the Proposed Class. Plaintiffs and their counsel will take reasonable additional steps to find any person for whom the Class Notice is returned as undeliverable and Defendants agree to provide reasonable assistance with the Class Notice including providing Plaintiffs with last known addresses. Each member of the Proposed Class shall have 30 days in which to opt-out or object, as detailed in the Class Notice. Plaintiffs' counsel shall receive and consider timely all such opt-outs and objections as received by them by 5:00 p.m. CDT on the 30th day from the mailing of the Class Notice, and report all opt-outs or objections to the Court in a supplemental filing in advance of the final fairness hearing.

**E.     Preliminary Approval of the Class Settlement**

11.     Plaintiffs, with their counsel, while maintaining the merit of their claims, have examined the benefits that the Proposed Class will enjoy under the Class Settlement and weighed those benefits against possible greater gain accompanied by delay, legal risk and uncertainty. In consideration of all the circumstances, Plaintiffs believe the terms of the Class Settlement are fair, reasonable, adequate and in the best interests of the Proposed Class.

12.     Defendant Rolf's, while denying any wrongdoing of any kind whatsoever and without admitting liability, has considered the risks and costs associated with continued litigation and has agreed to enter the Class Settlement to avoid the future expense and inconvenience of protracted litigation, and to be free from any further controversy or potential liability to the Plaintiffs and the Proposed Class for the claims in this litigation.

13.     Therefore, the parties believe that the proposed Class Settlement is appropriate for certification under Fed. R. Civ. P. 23(a) and (b)(1)(b) for the following reasons:

(a)     There are 211 potential members of the class making the class so numerous that it is impracticable to join all members as parties.

(b)     The issues of law and fact raised in the pleadings and determinative of the case are common across the class.

(c)     The claims of the named plaintiffs are typical of the claims of the class – all claims arise under the WARN Act for actions that occurred between October-December 2010 and October-December 2011.

(d)     The named Plaintiffs have fairly and adequately protected the interests of the Proposed Class. No conflict exists between the interests of the named Plaintiffs and the Proposed Class.

(e)     Plaintiffs' counsel are qualified, experienced and able to conduct this litigation and administer the Class Settlement. Plaintiffs' counsel has prior experience in similar litigation under the WARN Act in which they also administered a class settlement. *See*, *e.g., Pena v. Am. Meat Packing Corp.,* 362 F.3d 418 (7th Cir. 2004); *Phason, et al. v. Meridian Rail Corp.*,

        479 F.3d 527 (7th Cir. 2007); *Pharazis v. Wyndham O'Hare, et al.* Case No. 10-cv-0088 (N.D. Ill.).

   (f)    Adjudication of the merits of this litigation with respect to any individual member of the Proposed Class would as a practical matter be dispositive of the interests of every member of the Proposed Class.

**WHEREFORE**, the parties request that this Court:

   (a)    Grant the Motion;

   (b)    Preliminarily approve the Class Settlement as sufficiently fair and reasonable to warrant sending notice to the Proposed Class preliminarily;

   (c)    Approve the proposed Class Notice of the settlement of this litigation, that the parties have jointly agreed upon and drafted;

   (d)    Determine that the distribution of the Class Notice by first class post and implementation of the notice plan described in the Class Settlement is reasonable and the best practicable notice under the circumstances; is reasonably calculated to inform the members of the Proposed Class of the existence of this lawsuit and of their right to object or opt-out of the proposed Class Settlement; satisfies the requirements of federal due process and meets the requirements of the Federal Rules of Civil Procedure.

   (e)    Approve of the definition of the Proposed Class as set forth in paragraph 5, *supra*, and certifying the Proposed Class for purposes of effectuating the Class Settlement;

   (f)    Preliminarily appoint the law firm Despres, Schwartz & Geoghegan, Ltd. as counsel for the Proposed Class.

   (g)    Preliminarily rule that a portion of the proposed settlement amount, not to exceed $1,000 total may be allocated to the two named Plaintiffs – Deyanira Alvaraez and Karen Leyva – as incentive awards to them for their role in this litigation, as allowed under controlling circuit precedent. *See, e.g. Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998). That award – $500 to each named Plaintiff – is supported by their participation in the litigation, including at the settlement conference and the development of the facts in the litigation.

   (h)    Schedule a final fairness hearing at which time this Court may hear any and all objections and make a final ruling approving or denying the Class Settlement.

6

          Respectfully Submitted,

| | |
|---|---|
| s/ Michael P. Persoon | s/ Terence G. Banich |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |
| Despres, Schwartz & Geoghegan, Ltd. | Shaw Fishman Glantz & Tobin LLC |
| 77 W. Washington St., Ste. 711 | 321 N. Clark St., Ste. 800 |
| Chicago, Illinois 60602 | Chicago, Illinois 60654 |
| (312) 372-2511 | (312) 980-3859 |

Date:   February 27, 2013